Matter of the Application of GEORGE D. McKAY for
a Peremptory Writ of Mandamus Directing William
McAdoo, as Chief City Magistrate, to Reinstate Said
McKay to the Position of Deputy Chief Probation
Officer of the City Magistrate's Court of the City
of New York.

(Supreme Court, New York Special Term, July, 1919.)

Mandamus — when writ of, refused — City Magistrate's Court —
Inferior Criminal Courts Act, Laws 1910, chap. 659, § 96 —
Greater New York Charter, § 1543.

Under the provision of section 96 of the Inferior Criminal
Courts Act (Laws of 1910, chap. 659) providing for the
removal of the "chief probation officer or any probation
officer" a deputy chief probation officer of the City Magis-

trate's Court of the city of New York may be removed at the pleasure of the appointing power.

The omission to specifically include within said section 96, deputy chief probation officers by name or title within the class which may be summarily removed, does not indicate that the legislature intended to omit them and designed that the method of removing them is under section 1543 of the city charter.

APPLICATION for a peremptory writ of mandamus.

Lockhart & Callahan (Joseph M. Callahan, of counsel), for applicant.

William P. Burr, corporation counsel (Arthur Sweeny, of counsel), for defendant.

McAvoy, J. The relator demands reinstatement in his former position as deputy chief probation officer of the City Magistrate's Court and asks that the court direct, by its writ of mandamus, the appointing power to restore him to the position from which he alleges it was attempted ineffectually to remove him. The section of the Inferior Criminal Courts Act (Laws 1910, chap. 659, § 96) providing for the removal of probation officers recites: " The chief justice or the chief city magistrate, as the case may be, or a majority of the justices or a majority of each board of magistrates, may at pleasure remove the chief probation officer or any probation officer." The relator's contention is that since power is not specifically conferred on the chief city magistrate to remove at pleasure *deputy* chief probation officers, the legislative intent was to exempt such officers from summary removal under the act. It could not be imputed to the legislative design to exempt wholly from removal deputy chief probation officers. The relator therefore contends that the method of his removal is to be sought

in section 1543 of the Greater New York charter, which prohibits the removal of any person holding a position in the classified municipal civil service, subject to competitive examination, until he has been allowed an opportunity of making an explanation. I am quite convinced that the provision of the statute which is intended to apply to the inferior criminal courts solely and wherein the method of appointment or removal of all of its officers is sought to be included cannot be supplemented by the general statute found in the earlier enacted charter of the city, and that unless removal was authorized impliedly by the provision of section 96 of the Inferior Criminal Courts Act there is no provision of law empowering the act of removal. I do not think that the omission to specifically include deputy chief probation officers by name or title within the class which may be summarily removed indicates a legislative intent to omit them and to show a design that the method of removing them is under terms of another statute. True construction seems to indicate that the lesser office is included within the description of the greater, and a provision in the act that a chief probation officer may be summarily removed includes within its direction power to remove his subordinate or deputy. It would be quite beyond legitimate construction to hold that the chief city magistrate may remove the head of the probationary force and all of the subordinate employees and that he is prevented from removing a person holding office between these extremes, excepting under a provision of a statute (the charter) which this specific statute is obviously designed to supersede. I cannot think that this was the legislative intent, therefore refuse the writ and deny the motion.

Application denied.